UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY & COUNTY OF SAN FRANCISCO,<br><br>       Plaintiff(s),<br><br>   v.<br><br>ATLANTIC RICHFIELD CO., ET AL.,<br><br>       Defendant(s).<br>_____/ | No. C 97-2965 MMC (JCS)<br><br>**NOTICE AND ORDER RE SETTLEMENT CONFERENCES**<br><br>(E-FILING CASE) |

TO ALL PARTIES AND COUNSEL OF RECORD:

       The Court has become aware that various parties may have interpreted the Court's prior directives regarding settlement in a manner which is at odds with the Court's intent. For purposes of clarification, IT IS HEREBY ORDERED that each client representative attending a settlement conference on behalf of any party must have *unlimited* settlement authority. Settlement authority up to a cap or down to a floor does not qualify as "unlimited settlement authority." The representative of the client(s) in the settlement conference must have the ultimate decision-making authority on whether and how to settle the case, subject only to the approval of the board of directors of the private entities or of the governing bodies of the public entities. If the client representative needs to make a call before agreeing to any settlement, that person does not have *unlimited* settlement authority. The representative shall be prepared to respond to, and must bring whatever information is necessary to respond to, any proposals made at the settlement conference.

       Please take note that the Court is not ordering that any party agree to any settlement. The entire import of this Order is that the person making the final decision, subject to the approvals

//

//

1  discussed above, must be present at the settlement conference.

2      IT IS SO ORDERED.

4  Dated: June 21, 2005

    /s/ Joseph C. Spero
JOSEPH C. SPERO
United States Magistrate Judge

2