IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Plaintiff,<br><br>  v.<br><br>ATLANTIC RICHFIELD COMPANY, et al.,<br><br>    Defendants.<br>_____/ | No. C-97-2965 MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR GOOD FAITH SETTLEMENT APPROVAL; VACATING HEARING**<br><br>(Docket No. 663) |

Before the Court is the motion filed February 3, 2006 by plaintiff City and County of San Francisco ("City") for approval of good faith settlements with nine of the City's tenants at the San Francisco International Airport ("SFO"): Airborne Express, Inc. ("Airborne"),[1] Aircraft Services International Group ("ASI"), Atlantic Richfield Company ("Atlantic Richfield"), Chevron USA Inc. ("Chevron"), Signature Flight Support ("Signature"), Shell Oil Company ("Shell"), Texaco Inc. ("Texaco"), The Hertz Corporation ("Hertz"), and Union Oil Company of California ("Unocal"). Defendant PS Trading, Inc. has filed a statement of nonopposition to the motion. Shell has filed a "limited opposition," based solely on a dispute between Shell and the City over interpretation of the settlement agreement between them. Chevron and Texaco have filed a joint "response" to the motion, in which

---

[1] The settlement agreement relating to Airborne was entered into between the City and DHL Express (USA) Inc., Airborne's successor in interest.  (See Motion Ex. 1.)

they state they have a dispute with the City as to "the impact on preexisting lease agreements of certain material provisions of the Settlement and Release Agreement between the City and Chevron." No other defendant has responded to the City's motion. The City has filed a single, consolidated reply to the submissions filed by the above-referenced responding defendants. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), hereby VACATES the March 10, 2006 hearing on the motion, and rules as follows.

**BACKGROUND**

In the instant action, the City seeks to recover damages and costs it allegedly has incurred and will incur to clean up contamination and conditions of nuisance caused by tenants at property located at SFO. Defendants to the current complaint are Atlantic Richfield; Avis Rent-A-Car System, Inc. ("Avis"); Qantas Airways, Limited ("Qantas"); Unocal; Airborne; ASI; American Airlines, Inc. ("American"); Budget Rent-A-Car Systems, Inc. ("Budget"); Canadian Airlines International Ltd. ("Canadian"); Chevron; Delta Air Lines, Inc. ("Delta"); Federal Express Corporation ("Federal Express"); PS Trading; Shell; Signature; Texaco; Trans World Airlines, Inc. ("TWA"); Northwest Airlines, Inc. ("Northwest"), Airport Group International, Inc. ("AGI"), and Lockheed Martin Corporation ("Lockheed Martin").

According to the City, it launched a long-term plan, in 1986, to improve the airport; subsequently, in 1992, the San Francisco Airport Commission adopted a Final Master Plan setting forth various construction projects. (See Fourth Amended Complaint ("4AC") ¶¶ 26-27.) The City alleges that during construction of various Master Plan projects, it identified the presence of soil and groundwater contamination at, on, under, and near parcels currently or formerly occupied by defendants, and has incurred, and will incur, costs in cleaning up the contamination. (See id. ¶ 28.)

The City asserts causes of action against defendants for violation of California Water Code § 13304(c), violation of various airport rules and regulations, breach of contract,

1  public nuisance pursuant to California Civil Code §§ 3479 and 3480, private nuisance
2  pursuant to California Civil Code §§ 3479 through 3481, nuisance per se, waste, trespass,
3  negligence per se, negligence, common law equitable indemnity, and for declaratory relief.
4      The first phase of the litigation ("Phase I") addressed cleanup costs incurred by the
5  City through June 1998.  After engaging in settlement discussions and mediation before
6  Judge Daniel Weinstein (ret.) of JAMS Endispute, the City entered into settlement
7  agreements with 29 tenants associated with Phase I costs.  (See Lyman Decl., filed
8  October 14, 2004, ¶ 17.)  A few tenants also entered into agreements to resolve future
9  costs.  (See id. ¶ 20.)  Before the instant case was reassigned to this Court, the Hon.
10 Charles Legge issued orders on June 9, 1999, August 23, 1999, October 29, 1999,
11 November 4, 1999, and February 25, 2000, finding all of the Phase I settlements to be in
12 good faith.  (See Docket Nos. 188, 275, 321, 325, and 351.)
13     The second phase of the litigation ("Phase II") addressed cleanup costs incurred by
14 the City between June 1998 and October 1, 2003 ("Phase II past costs"), as well as
15 contamination-related costs the City expects to incur in the future.  In 2004, the City
16 entered into settlements of Phase II past costs and future costs with American, Continental,
17 Delta, Federal Express, JAL, and United, and entered into settlements of only Phase II past
18 costs with AGI, Avis, Budget, Dollar, and US Air.  In an order filed November 16, 2004, the
19 Court granted the City's motion for approval of good faith settlements with respect to the
20 Phase II settlements referenced above.  (See Docket No. 541.)
21     Now before the Court are nine additional Phase II settlements, all of which were
22 achieved with the assistance of Magistrate Judge Joseph S. Spero, who conducted
23 numerous settlement conferences in the matter.  The amounts of the proposed settlements
24 are summarized as follows:

| Settling party | Phase II past costs | Future costs |
|---|---|---|
| Airborne | $ 150,000 (including future costs) | -- |

3

| | | |
|---|---|---|
| ASI | $ 149,881.14 | 11% of future costs attributable to areas other than Plot 9B or United Airlines' Maintenance Operations Center |
| Atlantic Richfield | $ 222,276.46 | 3.5% of future costs attributable to areas other than Plot 9B or United Airlines' Maintenance Operations Center |
| Chevron and Texaco | $2,014,843.29 | 13.39% of future costs attributable to areas other than Plot 9B or United Airlines' Maintenance Operations Center |
| Signature | $ 30,000.00 | 0.44% of future costs attributable to areas other than Plot 9B or United Airlines' Maintenance Operations Center |
| Shell | $2,234,894.11 | 12.93% of future costs attributable to areas other than Plot 9B or United Airlines' Maintenance Operations Center |
| Hertz | $ 53,283.23 | settled previously |
| Unocal | $ 25,000.00 | 3.5% of future costs attributable to areas other than Plot 9B or United Airlines' Maintenance Operations Center |

(See Motion, Exs. 1-8.)

**LEGAL STANDARD**

California Code of Civil Procedure § 877 provides:

Where a release . . . is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, . . . :

(a) It shall not discharge any other such party from liability unless its terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release . . . . [and]

(b) It shall discharge the party to whom it is given from all liability for any contribution to any other parties.

See Cal. Code Civ. Proc. § 877.  A determination of good faith settlement also bars "any

4

joint tortfeasor . . . from any further claims against the settling tortfeasor . . . for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." See Cal. Code Civ. Proc. § 877.6(c).

Section 877.6 authorizes a settling party to file an application for determination of good faith settlement, which "shall indicate the settling parties, and the basis, terms, and amount of the settlement." See Cal. Code Civ. Proc. § 877.6(a)(2). "The issue of the good faith settlement may be determined by the court on the basis of affidavits served with the notice of hearing, and any counteraffidavits filed in response, or the court may, in its discretion, receive other evidence at the hearing." Cal. Code Civ. Proc. § 877.6(b). The burden of proof is on the party asserting lack of good faith. See Cal. Code Civ. Proc. § 877.6(d).

The California Supreme Court has held that §§ 877 and 877.6 were intended to promote the dual goals of equitable sharing of costs among the parties at fault and the encouragement of settlements. Tech-Bilt, Inc. v. Woodward-Clyde & Associates, 38 Cal. 3d 488, 494 (1985). In determining whether a settlement was entered into in good faith, "the intent and policies underlying section 877.6 require that a number of factors be taken into account including [1] a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, [2] the amount paid in settlement, [3] the allocation of settlement proceeds among plaintiffs, and [4] a recognition that a settlor should pay less in settlement than he would if he were found liable after trial." See id. at 499. "Other relevant considerations include [5] the financial conditions and insurance policy limits of settling defendants, as well as [6] the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants." Id. The Court's evaluation must be made on the basis of information available at the time of settlement. See id.

The party moving for determination of good faith settlement need not submit evidence on the Tech-Bilt factors. Rather, a "barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case is sufficient." See City of Grand Terrace v. Superior Court, 192 Cal. App. 3d 1251, 1261

5

(1987). Once such a showing is made, "the burden of proof on the issue of good faith shifts to the non-settlor who asserts that the settlement was not made in good faith." See id. If the party challenging the settlement demonstrates that "the settlement is so far 'out of the ballpark' in relation to [the Tech-Bilt] factors as to be inconsistent with the equitable objectives of the statute," that party has demonstrated that the proposed settlement is not a settlement made in good faith within the meaning of § 877.6. See Tech-Bilt, Inc. v. Woodward-Clyde & Associates, 38 Cal. 3d at 499-500.

The Court "is not required to determine whether the settlement is reasonable between the settling parties, but rather, . . . is required to determine whether the settlement is reasonable vis-a-vis the nonsettling defendants." See Horton v. Superior Court, 194 Cal. App. 3d 727, 733 (1987). "It is quite proper for a settling defendant to pay less than his proportionate share of the anticipated damages" as long as the settlement is not "grossly disproportionate to the settlor's fair share." See Abbott Ford, Inc. v. Superior Court, 43 Cal. 3d 858, 874-75 (1987).

**DISCUSSION**

The only parties that have expressed any objection to the settlements are Chevron, Texaco, and Shell, each of whom states it has reservations as to its own respective settlement with the City.[2] As noted, however, the Court "is not required to determine whether the settlement is reasonable between the settling parties, but rather, . . . is required to determine whether the settlement is reasonable vis-a-vis the nonsettling defendants." See Horton, 194 Cal. App. 3d at 733. Moreover, Chevron, Texaco and Shell have failed to submit any evidence that their respective settlements with the City were made other than in good faith. In essence, the City's motion is unopposed.

Where a motion for determination of good faith settlement is unopposed, the Court may grant the motion summarily, provided that the moving party has filed a "barebones" motion setting forth "the ground of good faith, accompanied by a declaration which sets

---

[2] The settlements with Chevron and Texaco are set forth in a single agreement. (See Motion Ex. 4.)

forth a brief background of the case[.]"  See City of Grand Terrace, 192 Cal. App. 3d at 1261.  Here, the City has done so, and, indeed, has provided the Court with a considerable amount of additional information, none of which suggests anything other than that the subject settlements were entered in good faith.  Accordingly, the City's motion will be granted in its entirety.

## CONCLUSION

For the reasons set forth above, the City's motion for good faith settlement approval is GRANTED.

This order terminates Docket No. 663.

**IT IS SO ORDERED.**

Dated: March 1, 2006

MAXINE M. CHESNEY
United States District Judge